**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ENOCH BROWN, *on behalf of himself,*<br>*FLSA Collective Plaintiffs*<br>*and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| STAR RENOVATIONS NY LTD.<br>    d/b/a STAR RENOVATIONS NY, and<br>ELI ZIKRY, | |
| Defendants. | |

---

Plaintiff, ENOCH BROWN ("Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, STAR RENOVATIONS NY LTD. d/b/a STAR RENOVATIONS NY ("Corporate Defendant"), and ELI ZIKRY ("Individual Defendant"; and, together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages,

including overtime, due to fixed salary, (2) unpaid wages, including overtime, due to Defendants'

time-shaving policy, (3) liquidated damages, and (4) attorneys' fees and costs.

2.　　Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he

is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to fixed salary,

(2) unpaid wages, including overtime, due to Defendants' time-shaving policy, (3) unpaid "spread

of hours" premium, (4) compensation for late payment of wages, (5) statutory penalties for failing

to provide wage and hour notices upon hiring and as legally required thereafter, (6) statutory

penalties for failing to provide proper wage statements for each payment period, (7) liquidated

damages, and (8) attorneys' fees and costs.

3.　　Plaintiff further alleges, on an individual basis, that Defendants violated the New

York State Earned Safe and Sick Time Act, ("ESSTA"), when they refused to allow Plaintiff to

seek medical attention when he had an accident on the job. When Plaintiff complained and asserted

his rights under the ESSTA, Defendants fired him. Plaintiff seeks all applicable remedies under

the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

4.　　This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b),

28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. §1367.

5.　　Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.　　Plaintiff ENOCH BROWN is a resident of Kings County, New York.

2

7.      At all relevant times to this action, Defendants have owned and operated a construction company under the trade name "STAR RENOVATIONS NY" located at 132 32nd Street, Brooklyn, New York 11232 (the "Construction Company").

8.      Corporate Defendant, STAR RENOVATIONS NY LTD. d/b/a STAR RENOVATIONS NY, is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at c/o Eli Zikry, 38-45 Bedford Avenue, Brooklyn, New York 11229 and principal place of business at 132 32nd Street, Brooklyn, New York 11232.

9.      Individual Defendant ELI ZIKRY is the owner and executive officer of Corporate Defendant. ELI ZIKRY exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ELI ZIKRY had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to ELI ZIKRY regarding any of the terms of their employment, and ELI ZIKRY would have the authority to effect any changes to the quality and terms of their employment. ELI ZIKRY ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. ELI ZIKRY had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

11.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to drivers, carpenters, laborers, helpers, construction workers and painters) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them: (1) the proper wages, including proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to fixed salary; and (2) the proper wages, including proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendants' time-shaving policy. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action,

their names and addresses are readily available from the Defendants. Notice can be provided to

FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

16.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("FRCP") Rule 23, on behalf of all non-exempt employees, (including but not limited to drivers,

carpenters, laborers, helpers, construction workers and painters) employed by Defendants on or

after the date that is six years before the filing of the Complaint in this case as defined herein (the

"Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class

members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the title of the

position held, and rates of pay for each Class Member are also determinable from Defendants'

records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under FRCP

23.

18.     The proposed Class is so numerous that a joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown because the facts on which the calculation of that

number rests presently within the sole control of Defendants, there is no doubt that there are more

than forty (40) members of the Class.

19.     Plaintiff's claims are typical of those claims that could be alleged by any member

of the Class, and the relief sought is typical of the relief, that would be sought by each member of

the Class in separate actions. All the Class members were subject to Defendants' corporate

practices of: (i) failing to pay wages, including overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to fixed salary; (ii) failing to pay wages, including overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to Defendants' time-shaving policy; (iii) unpaid "spread of hours" premium; (iv) late payment of wages; (v) failing to provide Class members with proper wage statements with every payment of wages; and (vi) failing to properly provide proper wage notices to Class members, at date of hiring and dates of all wage changes, pursuant to NYLL.

20.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e) Whether Defendants paid Plaintiff and Class members their lawful wages timely on a weekly basis as required by NYLL;

f) Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

g) Whether Defendants paid the Plaintiff and Class members the overtime premium for all hours worked in excess of forty (40) each workweek;

h) Whether Defendants operated their business with a policy of time-shaving in violation of the NYLL;

i) Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members "spread of hours" premiums, as required under NYLL;

j) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

k) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated

Plaintiff's and Class members' overtime compensation and spread of hours in accordance with NYLL.

**STATEMENT OF FACTS**

*Wage and Hour Claims*

25.     In or around April 2023, Plaintiff was hired by Defendants to work as a construction driver for the Construction Company. Plaintiff was employed by Defendants until on or about July 2023, when his employment with Defendants ended.

26.     Throughout his employment, Plaintiff was regularly scheduled to work from 7:00 a.m. to 4:00 p.m. Monday through Friday, for a total of forty-five hours (45) hours per week. Plaintiff was required to work during his meal break.

27.     Throughout his employment, Plaintiff was occasionally required to work a sixth day for about three times during his employment. However, he was not compensated for these days at all. Similarly, FLSA Collective and Class members were occasionally required to work a sixth day but were not compensated for work performed on such days.

28.     Throughout his employment, Plaintiff was required to arrive fifteen (15) minutes before his scheduled shift and was required to leave one to two hours after his scheduled shift. Despite being required to work before and after his scheduled shift, he was not compensated for those pre-shift and post-shift hours. Similarly, FLSA Collective and Class members were not compensated for the hours that they were required to work before and after their scheduled shift.

29.     Throughout his employment, he was automatically deducted a one (1) hour meal break despite him being required to work during his meal break. He was required to stay within his assigned area of coverage and was on-call to engage in work during this meal break. Moreover, he was not allowed to leave his assigned area for his meal break as he would get reprimanded if

he did so. Similarly, FLSA Collective Plaintiffs and Class members were deducted an hour for meal break despite being on call and being interrupted to engage in work during their meal break.

30.    Throughout his employment, Plaintiff regularly worked for an average of eleven (11) hours each workday. Despite regularly working shifts exceeding ten (10) hours in duration each workday, he was not paid any "spread of hours" premium as required under the NYLL. Similarly, Class members regularly worked shifts exceeding ten (10) hours in duration and were never paid "spread of hours" premium.

31.    Throughout his employment, Plaintiff was paid a fixed salary of one thousand eight hundred seven and seventy cents ($1,807.70) dollars bi-weekly regardless of how many hours he worked each workweek. Plaintiff was not compensated overtime premium for the hours he worked in excess of forty (40) hours in each workweek. Similarly, FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis without any overtime premium for all hours worked over forty (40) each week.

32.    Throughout his employment, there was never any agreement that Plaintiff's fixed salary was intended to cover the overtime hours worked in excess of forty (40) each week. Similarly, FLSA Collective Plaintiffs and Class members never had any agreement with Defendants that their fixed salaries would cover their overtime hours.

33.    Throughout his employment, Plaintiff was working as a construction driver whose duties involve manual labor such as: (1) driving to various construction sites to deliver supplies; and (2) loading and unloading supplies from the trucks to the construction sites. The latter required heavy lifting and the assistance of multiple people just to remove the materials from Defendants' trucks. Plaintiff spent more than 25% of his working time engaged in "physical labor" which

qualifies him as a manual laborer under the NYLL. Similarly, Class members were manual laborers who spent more than 25% of their working time engages in "physical labor."

34.     Throughout Plaintiff's employment, Defendants failed to pay Plaintiff his wages within seven (7) days of the end of the week in which he earned them, in violation of the NYLL. Defendants regularly paid the Plaintiff his fixed salary through checks every two weeks despite the NYLL requiring Defendants to pay manual laborers, like the Plaintiff, weekly. Similarly, Class members were paid every two weeks as well.

35.     Plaintiff and Class members did not receive wage statements that were in compliance with NYLL. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation. Being paid a fixed salary, Plaintiff and Class members' wage statements failed to include their regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked in violation of the NYLL.

36.     Defendants failed to provide Plaintiff and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring, in violation of the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members the proper overtime rate for hours worked in excess of forty (40) in each workweek due to being paid a fixed salary.

38.     Defendants knowingly and willingly failed to pay Plaintiff, FLSA Collective Plaintiffs, and the Class members regular and overtime wages for all hours worked due Defendants' time- shaving practices.

39.     Defendants knowingly and willingly failed to pay Plaintiff and the Class members "spread of hours" premium for shifts worked in excess of ten (10) hours in duration each workday.

40.     Defendants knowingly and willingly failed to timely pay Plaintiff and the Class members on a weekly basis.

41.     Due to these unlawful acts of Defendants, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

*ESSTA Claims*

42.     In or around July 2023, Plaintiff had an accident on the job wherein he was hit by an object that fell from the ceiling.

43.     Plaintiff requested from Defendants for a few days off in order to seek treatment from medical professionals.

44.     Defendants refused Plaintiff's request to seek out medical treatment but instead responded with "If you don't show up, it means you quit."

45.     Plaintiff then complained and asserted his right under the ESSTA, which resulted in Defendants illegally firing Plaintiff.

46.     Defendants violated the ESSTA when they terminated Plaintiff for asserting his right for leave to attend to his serious health condition. Plaintiff formally attempted to assert his rights under the ESSTA but was denied by Defendants.

47.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.    Plaintiff realleges and reavers all the foregoing allegations of this Class and Collective Action Complaint as if fully set forth herein.

49.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51.    At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

52.    At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to fixed salary.

53.    At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

54.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

57.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime compensation, due to fixed salary; unpaid wages, including overtime compensation, due to Defendants' time-shaving policy; plus an equal amount as liquidated damages.

58.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

59.    Plaintiff realleges and reavers all the foregoing allegations of this Class and Collective Action Complaint as if fully set forth herein.

60.    At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

61.    At all relevant times, Defendants willfully violated Plaintiff and Class members' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to fixed salary.

62.    At all relevant times, Defendants willfully violated Plaintiff's and Class members' Plaintiffs rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

63. At all relevant times, Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them "spread of hours" premium for each workday in which the spread of hours exceed ten (10) hours.

64. At all relevant times, Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

65. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of NYLL.

66. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they did not accurately state the correct hourly rate, correct overtime rate, and all hours worked.

67. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, as required under NYLL.

68. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, including overtime compensation, due to fixed salary; unpaid wages, including overtime compensation, due to Defendants' time-shaving policy; unpaid "spread of hours" premium; damages for unreasonably delayed payments; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III
## INTERFERENCE AND RETALIATION UNDER THE
## EARNED SICK AND SAFE TIME ACT

69.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as if fully set forth herein.

70.     Defendants knowingly and willfully failed to provide Plaintiff with proper sick leave as required under the ESSTA.

71.     Defendants are employers covered by ESSTA's sick leave provision as an "employers with between five and ninety-nine employees in any calendar year, each employee shall be provided with up to forty hours of paid sick leave in each calendar year." NY Lab. Law § 196-B(1)(b).

72.     Defendants are required to give employees sick leave upon oral or written request for "a mental or physical illness, injury, health condition of such employee. . .regardless of whether such illness, injury, or health condition has been diagnosed or requires medical care at the time that such employee requests such leave." NY. Lab. Law § 196-B(4)(a).

73.     NYLL makes it unlawful for an "employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner, discriminate, or retaliate against any employee because such employee has exercised his or her rights afforded under this section, including, but not limited to, requesting sick leave and using sick leave, consistent with the provisions of section two hundred fifteen of this chapter." New York Lab. Law § 196-B(7).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

16

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL and ESSTA;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages, including overtime compensation, due to fixed salary;

d.  An award of unpaid wages, including overtime compensation, due to Defendants' time-shaving policy;

e.  An award of unpaid spread of hours premiums under the NYLL

f.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

g.  An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to NYLL;

j.  All applicable compensatory and punitive damages under the ESSTA;

k.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

m. Designation of this action as a Class Action pursuant to FRCP 23;

n. Designation of Plaintiff as a Representative of the Class; and

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 8, 2023

Respectfully submitted,

By: _____/s/ C.K. Lee_____
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiff and the Class*